IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


DWIGHT J. MITCHELL        )
        )
   v.          )     NO. 3:15-1310
        )
WILSON TAYLOR, et al.        )


TO:  Honorable Kevin H. Sharp, Chief District Judge


**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered January 7, 2016 (Docket Entry No. 9), the Court referred this *pro se* action

to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or

recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to

conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure

and the Local Rules of Court.

Presently pending are the separately filed motions to dismiss of Defendant Guardian Home

Care Holdings, Inc. (Docket Entry Nos. 20 and 69), Defendants Mary Holder and the City of

Hartsville (Docket Entry No. 22), Defendant Tommy Thompson, Jr. (Docket Entry No. 30), and

Defendant Trousdale County Sheriff's Department (Docket Entry No. 62).  For the reasons set out

below, the Court recommends that the motions be granted and that this action be dismissed.


**I.  BACKGROUND**

Dwight J. Mitchell ("Plaintiff") is a resident of Madison, Tennessee.  On May 24, 2015, he

filed this lawsuit *pro se* and *in forma pauperis* against Wilson Taylor ("Taylor"), Guardian Home

Care Holdings, Inc. ("Guardian Home Care"),[1] Mary Holder ("Holder"), the City of Hartsville, Tommy Thompson, Jr. ("Thompson"), and the Trousdale County Sheriff's Department ("Sheriff's Department."). The lawsuit was also filed on behalf of Sun Valley Home for the Aged ("Sun Valley"). However, by Order entered January 7, 2016 (Docket Entry No. 9), the Court dismissed all claims brought by Sun Valley.[2]

Plaintiff's lawsuit is based upon events that occurred in 2007. *See* Amended Complaint (Docket Entry No. 8) at 10-12, ¶¶ 14-20. Plaintiff was the owner and operator of Sun Valley, a residential assisted living facility for the elderly that was located in Hartsville, Tennessee. In 2007, Sun Valley was facing a suspension of its operating license by the Tennessee Board for Licensing Health Care Facilities ("the Board") after the Tennessee Department of Health conducted a complaint and annual licensing survey of Sun Valley in early August. Plaintiff alleges that, on or about August 14-15, 2007, Defendant Thompson, who is the District Attorney for the City of Hartsville, along with members of the Sheriff's Department and the Department of Health, came to Sun Valley and served an order of suspension on Sun Valley. The residents of Sun Valley were thereafter removed, and Plaintiff alleges Thompson entered Sun Valley under the auspices of a warrant and seized both business records and personal property. Although on order of summary suspension was issued by the Board on August 15, 2017, summarily suspending Sun Valley's license to maintain a home for the

---

[1]This Defendant states that it was incorrectly identified as Guardian Home Care." *See* Docket Entry No. 20 at 1.

[2] Prior to the dismissal of Sun Valley, the Court had advised Plaintiff that Sun Valley, as a corporation or unincorporated business entity, could not appear in this Court unless represented by counsel and directed Sun Valley to have an attorney enter an appearance on its behalf or its claims would be dismissed. *See* Order entered December 3, 2015 (Docket Entry No. 3). Sun Valley did not obtain representation and was, thus, dismissed from the action. Despite the dismissal of Sun Valley, Plaintiff continues to include Sun Valley in his filings as if it was still a party to the lawsuit.

aged, ordering that it (i) discontinue operating, (ii) not accept any new patients pending resolution of the matter at a hearing, and (iii) refer all existing residents to other facilities, *see* Docket Entry No. 30-1, Plaintiff disputes that any warrant to enter Sun Valley and/or seize property ever existed.

Plaintiff contends that these actions caused him to lose the "tenant contracts" he had with the 13 residents at Sun Valley and also caused the cancellation or termination of vendor contracts. Plaintiff asserts that the closure of Sun Valley further rendered him unable to make payments on loans that he had obtained from Citizens Bank and that foreclosure proceedings occurred with respect to real property that had been used to secure these loans.

Plaintiff alleges that a conspiracy existed to shut down the operations of Sun Valley and to wrongfully obtain the real property securing the Citizen's Bank loans. He alleges that this conspiracy involved, among others, 1) Taylor, who was formerly a president at Citizens Bank, and, 2) Thompson, who was also a member of Citizens Bank's board of directors. He further alleges that Defendant Holder, who is the Register of Deeds for Trousdale County and is alleged to be married to a board member at Citizens Bank, and Taylor falsified documents and filings that were recorded pertaining to the real property at issue and that Taylor took steps to fraudulently conceal this conduct. Plaintiff alleges that Thompson also harbored racial animosity toward Plaintiff, who is black, and that this animosity influenced Thompson's actions. Plaintiff contends that Guardian Home Care became involved in the matter by presenting three witnesses at Sun Valley's license suspension proceedings. Asserting that his constitutional rights under the Fourth and Fourteenth Amendment have been violated, Plaintiff brings claims under 42 U.S.C. §§ 1981, 1983, and 1985(3), and seeks nominal,

compensatory, and punitive damages. *See* Amended Complaint at 13-29.[3] Plaintiff seeks a trial by jury.

In lieu of answers, Defendants Holder, the City Hartsville, the Sheriff's Department, Guardian Home Care, and Thompson have filed the pending dispositive motions.[4] Defendants Holder and the City of Hartsville raise a statute of limitations defense, *see* Memorandum in support (Docket Entry No. 23), and the Sheriff's Department argues that it is not a legal entity capable of being sued. *See* Memorandum in support (Docket Entry No. 63). Defendant Guardian Home Care argues that it has not been properly served with process, *see* Memorandum in support (Docket Entry No. 21), and, further, that the claims against it should be dismissed, 1) on the ground of *res judicata* because of a prior state court lawsuit against it that was dismissed on the merits, 2) because of the statute of limitations, and, 3) because of the doctrine of witness immunity. *See* Memorandum in support (Docket Entry No. 70). Defendant Thompson argues that the Eleventh Amendment bars any official capacity claims brought against him and that the individual capacity claims brought against him are barred by statute of limitations and are supported by only conclusory allegations of racial discrimination and a conspiracy. *See* Memorandum in support (Docket Entry No. 31). He further raised qualified immunity to any damage claims brought against him. *Id.*

Plaintiff has made multiple and lengthy filings in opposition to the motions. *See* Docket Entry Nos. 34, 35, 37, 38, 55, 60, 61, 65, 86, and 87. He disputes the legal grounds for dismissal raised by

---

[3] Although Plaintiff subsequently filed another amended complaint, *see* Docket Entry No. 32, this amendment has no legal significance. *See* Order entered March 1, 2016 (Docket Entry No. 33). Plaintiff's most recent amended complaint (Docket Entry No. 48) is merely a copy of his Amended Complaint (Docket Entry No. 8).

[4] Defendant Taylor has not filed a motion to dismiss or joined in the motions filed by the other Defendants.

Defendants, contends that his claims are timely, and disputes that any immunity applies. He further extensively argues the merits of his factual allegations and claims, and he disputes the factual basis for the 2007 suspension proceedings. Plaintiff attaches to his responses various forms of documentary and other evidence. *See* Docket Entry Nos. 34-1 to 34-8, Docket Entry Nos. 37-1 to 37-8; Docket Entry Nos. 38-1 to 38-5; Docket Entry No. 65-1 to 65-2; and Docket Entry No. 87-1 to 87-6.

## II. STANDARD OF REVIEW

Defendants' motions to dismiss are reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the Amended Complaint as true, resolve all doubts in Plaintiff's favor, and construe the Amended Complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Although the Court is required to liberally construe the *pro se* pleadings, this does not require the Court to apply a more lenient application of the substantive law. *Bennett v. Batchik*, 1991 WL 110385 at *6 (6th Cir. 1991) (citing *Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983)); *Lyons v. Thompson*, 2006 WL 463111 at *4 (E.D. Tenn. Feb. 24, 2006).

Plaintiff's pleadings must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under a viable legal theory. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662,

129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In reviewing the motions to dismiss, the Court has appropriately considered the prior written decisions of the state courts and state administrative agency, as well the filings in Plaintiff's prior federal lawsuits. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *overruled on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (in ruling on a Rule 12(b)(6) motion, the court may "consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies"); *Vaughn v. Metro. Gov't of Nashville & Davidson Cty.*, 2014 WL 234200, at *3 (M.D. Tenn. Jan. 22, 2014) (Trauger, J.); *Lee v. Dell Products, L.P.*, 236 F.R.D. 358, 361 (M.D. Tenn. 2006).

### III. CONCLUSION

Before turning to the merits of any of the individual motions to dismiss, the Court notes that the instant action is merely the latest in a succession of unsuccessful federal and state lawsuits brought by Plaintiff in the aftermath of the closure of Sun Valley.

In 2010, Plaintiff filed a *pro se* lawsuit against Citizens Bank complaining about the foreclosure of his property and making allegations of discrimination, conspiracy, and fraudulent activity akin to the allegations made in the instant lawsuit. *Dwight J. Mitchell, et al. v. Citizens Bank*,

3:10-0569. That lawsuit was dismissed with prejudice on January 11, 2011. *See Mitchell v. Citizen's Bank*, 2011 WL 101688 (M.D. Tenn. Jan. 11, 2011). In 2013, Plaintiff filed a lawsuit against the same defendants named in the instant action based on essentially the same allegations that he makes in the instant action. *See Dwight J. Mitchell, et al. v. Wilson Taylor, et al.*, 3:13-0569. Upon Plaintiff's notice of voluntary dismissal, made in the face of several pending motions to dismiss, that lawsuit was dismissed without prejudice. *See* Order entered February 20, 2015 (Docket Entry No. 94) in Case 3:13-0569. Additionally, Plaintiff filed a *pro se* state court lawsuit against Defendant Guardian Home Care in 2010 that was based upon essentially the same allegations that are made against Guardian Home Care in the instant action. *See* Docket Entry No. 70-1. That lawsuit was dismissed with prejudice for failure to state a claim. *See* Docket Entry No. 70-3. Plaintiff has also filed numerous petitions in the United States Bankruptcy Court. *See* Case Nos. 3:08-bk-12244, 3:09-bk-01297, 3:09-bk-04976, 3:09-bk-10241, 3:10-bk-05141, 3:10-bk-06545, and 3:10-bk-09670.

A. Motion to Dismiss of Defendant Trousdale County Sheriff's Department

The Sheriff's Department should be dismissed from this action because it cannot be sued. A municipal agency, such as a sheriff's department, is not a legal entity that can be sued under the civil rights statutes. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991). *See also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under Section 1983); *Mathes v. Metropolitan Gov't of Nashville & Davidson Cnty.*, 2010 WL 3341889, *1 (M.D. Tenn. Aug. 25, 2010) (Trauger, J.) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit."); *Buchannan v. Williams*, 434 F.Supp.2d 521, 529 (M.D. Tenn. 2006). In his response in opposition to the Sheriff's Department's motion, *see* Docket Entry No. 65, Plaintiff does

not set out a valid legal argument that negates the well-settled law holding that a sheriff's department is not a distinct legal entity that can be sued for civil rights violations.

## B.  Motion to Dismiss of Defendants Mary Holder and the City of Hartsville

Plaintiff brings a claim against Defendant Holder under 42 U.S.C. § 1983, *see* First Amended Complaint at 15, and claims against the City of Hartsville under 42 U.S.C. §§ 1981 and 1983.  *Id*. at 17-18, and 22-23.  The motion to dismiss of these two Defendants should be granted.  Plaintiff's Section 1983 claims are barred by the statute of limitations, and he fails to state a viable Section 1981 claim against the City of Hartsville.

Congress did not establish a limitations period for civil rights actions under 42 U.S.C. § 1983 and, thus, federal courts look to analogous state statutes of limitations to determine the applicable statute of limitations.  *See Wilson v. Garcia,* 471 U.S. 262, 268-71, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Southerland v. Hardaway Mgmt. Co., Inc.*, 41 F.3d 250, 253 (6th Cir. 1995).  For Section 1983 actions, federal courts apply the personal injury statute of limitations that would apply under state law, *Wilson*, 471 U.S. at 280; *Eidson v. State of Tennessee Dep't of Children's Servs*., 510 F.3d 631, 634 (6th Cir. 2007), and for civil rights claims arising in Tennessee, the one year statute of limitations set out at Tenn. Code Ann. § 28-3-104(a)(3) is the applicable statute of limitations period. *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997); *Jackson v. Richards Med. Co.*, 961 F.2d 575, 578 (6th Cir. 1992); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Accordingly, Plaintiff's Section 1983 claims against Defendants Holder and the City of Hartsville must have been brought within one year of when the claims accrued.  *See Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Merriweather*, *supra*.  Plaintiff's claims accrued and the statute of limitations period began to run when he knew or has reason "to know of the injury which is the basis

of his action." *Roberson*, *supra*; *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

Plaintiff's own allegations are that the events supporting his claims against the City of Hartsville occurred in 2007. *See* Amended Complaint at 17 and 22-23. Plaintiff was clearly aware of these events and the injuries he suffered at that time. However, Plaintiff did not file his first lawsuit raising federal claims against the City of Hartsville until 2013, well beyond the expiration of the one year statute of limitations. Similarly, although the time frame of the allegations against Defendant Holder are not clearly alleged in his First Amended Complaint, the Court takes judicial notice that Plaintiff's prior federal lawsuit against Defendant Holder suggests that the events upon which his claim against Defendant Holder is based occurred during the 1990s and early 2000s. *See* Complaint in Case 3:13-0569. The Section 1983 claim against Defendant Holder was brought well beyond the applicable one year statute of limitations.

None of Plaintiff's arguments compel a different conclusion. *See* Docket Entry No. 38. Plaintiff's contention that longer statutes of limitations apply to his Section 1983 claims is erroneous. Contrary to Plaintiff's assertion, *see* Amended Complaint at ¶ 12, the four year "catch all" statute of limitations set out in 28 U.S.C. § 1658 does not apply to his Section 1983 claims. *See Delk v. Home Quality Mgmt., Inc.*, 2006 WL 2503711 at *2 (M.D. Tenn. Aug. 28, 2006) (Haynes, J.) ("By its terms, the four year statute of limitations in Section 1658 applies to laws enacted by Congress after 1990. Thus, Section 1658 cannot apply to claims under the Section 1983 that was enacted in 1871"). The various Tennessee statutory provisions Plaintiff refers to in his responses in opposition also do not apply. Additionally, although Plaintiff refers to numerous legal doctrines for tolling a statute of limitations or for delaying the accrual of his cause of action, he has not shown that any of these

doctrines actually apply, and he has not met his burden to show that he is entitled to equitable tolling. *See McClendon v. Sherman*, 328 F.3d 490, 494 (6th Cir. 2003).

Finally, the Section 1981 claim against the City of Hartsville is legally deficient. The Sixth Circuit has expressly disavowed the use of Section 1981 as an independent vehicle for claims against a municipality based on alleged civil rights violations and directed that such claims must be brought under Section 1983. *See Carmichael v. City of Cleveland*, 571 Fed.App'x. 426, 431-32 (6th Cir. 2014); *Arendale v. City of Memphis*, 519 F.3d 587, 598-99 (6th Cir. 2008); *Lilly v. City of Clarksville*, 2012 WL 1514875 at *3 (M.D. Tenn. May 1, 2012) (Campbell, J.). Accordingly, Plaintiff does not have a viable claim against the City of Hartsville that can be brought under Section 1981.

## C. Motion to Dismiss of Defendant Guardian Home Care Holdings, Inc.

Plaintiff brings a claim against Defendant Guardian Home Care under 42 U.S.C. § 1983. *See* First Amended Complaint at 15-16.[5] The motion to dismiss should be granted for several reasons.

The claim Plaintiff is now pursuing against Guardian Home Care is precluded by the doctrine of *res judicata* because of his prior state court action against this Defendant. The doctrine of *res judicata* provides that a final judgment on the merits of an action precludes the "parties or their privies from relitigating issues that were or could have been raised" in a prior action. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006); *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). The federal courts "must give the same preclusive effect, under the doctrine of *res judicata*

---

[5] Although Plaintiff briefly refers to Section 1981 in his initial paragraph that lists Guardian Home Care as a defendant, s*ee* First Amended Complaint at 8, he specifically brings a claim against Guardian Home Care under only Section 1983 in the section of his Amended Complaint in which he sets out his claims. *Id*. at Section IV.

and collateral estoppel, to state court judgments that those judgments would receive in courts of the rendering state." *Ingram v. City of Columbus*, 185 F.3d 579, 593 (6th Cir. 1999).

Under Tennessee law, a party asserting that a prior judgment should bar a subsequent lawsuit because of *res judicata* must show: (1) that a court of competent jurisdiction rendered a prior judgment; (2) that the prior judgment was final and on the merits; (3) that the same parties or their privies were involved in both proceedings; and (4) that both proceedings involved the same cause of action. *Hooker v. Haslam*, 393 S.W.3d 156, 165 n.6 (Tenn. 2012) (citing *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn.Ct.App.1990)); *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995). Plaintiff's prior state court action, 1) was brought against Guardian Home Care, 2) was based upon the events that surrounded the administrative license suspension proceedings against Sun Valley that occurred in 2007, and, 3) was finally concluded against Plaintiff on the merits by a state court of competent jurisdiction. *See* Docket Entry Nos. 70-1 to 70-4. Each of the requirements necessary for the application of *res judicata* is satisfied. Accordingly, the federal claim Plaintiff now seeks to bring against Guardian Home Care is barred because the claim could have been litigated in the prior state court action. *See Jackson*, 387 S.W.3d at 491; *Brown v. Shappley*, 290 S.W.3d 197, 200–01 (Tenn.Ct.App. 2008).

Plaintiff's Section 1983 claim against Defendant Guardian Home Care also suffers from several fatal deficiencies. The claim is barred by the statute of limitations based upon the same analysis set out *supra* because Plaintiff's own allegations are that the events upon which his claims against Defendant Guardian Home Care are based upon events that occurred in 2007 when three of its employees testified in the administrative suspension proceedings against Sun Valley. *See* First Amended Complaint at 15-16. However, Plaintiff failed to file a lawsuit raising this federal claim until 2013, well beyond the expiration of the applicable statute of limitations. Further, there must be

plausible allegations showing that the defendant acted under the color of state law in order to state a Section 1983 claim. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). However, Plaintiff's theory of why Guardian Home Care, a private entity, should be viewed as having acted under the color of state law is not well-founded and is based upon conclusory allegations. Additionally, the theory of *respondeat superior* will not support a claim under Section 1983, *Rizzo v. Goode*, 423 U.S. 362, 371-72, 375-77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976), and Plaintiff has not alleged facts that support a claim against Guardian Home Care based upon anything other than a theory of *respondeat superior* liability for the actions of its employees. Finally, absolute witness immunity applies to any claim brought by Plaintiff seeking damages based upon testimony provided during the administrative license suspension proceedings. *See Briscoe v. LaHue*, 460 U.S. 325, 330-31, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999); *Kogan v. Tennessee Bd. Of Dentistry*, 2008 WL 842462, *5 (M.D.Tenn. March 28, 2008) (Haynes, J.) (Witness immunity applies to testimony before medical licensing board).

Plaintiff's arguments in opposition to the motion to dismiss do not provide a valid legal basis that rebuts Defendant's grounds for dismissal. *See* Docket Entry Nos. 37, 86, and 87. Because the Court finds that the dismissal of Defendant Guardian Home Care is clearly warranted for the reasons set forth *supra*, it is not necessary to address Defendant's alternative argument for dismissal based on improper service of process.


D. Motion to Dismiss of Defendant Tommy Thompson, Jr.

Plaintiff brings claims against Defendant Thompson under 42 U.S.C. §§ 1981, 1983, and 1985(3). *See* First Amended Complaint at 13-14, 21-22, and 26-27. These claims warrant dismissal for a variety of reasons.

The Eleventh Amendment bars Plaintiff's claims for damages against Defendant Thompson to the extent that he is sued in his official capacity as a state official. *See Kentucky v. Graham*, 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Turker v. Ohio Dept. of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). Additionally, Plaintiff cannot pursue claims under Section 1981 against Defendant Thompson to the extent that Thompson is sued in his official capacity as a state official. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

With respect to the claims seeking individual liability against Defendant Thompson, the claims under Sections 1981[6] and 1983 are barred by the statute of limitations based upon the same analysis set out *supra*. Plaintiff's own allegations are that the events upon which his claims against Defendant Thompson are based occurred in 2007 when Thompson came to Sun Valley, entered the property, and removed residents and property. Even Plaintiff's allegations that Defendant Thompson was involved in a conspiracy to violate Plaintiff's civil rights are based upon events occurring in or around 2007. However, Plaintiff failed to file a lawsuit seeking relief against Defendant Thompson under these federal provisions until 2013, well beyond the expiration of the applicable statutes of limitations.[7]

---

[6] Plaintiff intertwines allegations of conduct by Defendant Thompson as the District Attorney General with allegations of conduct by him as a private individual and an officer of Citizen's Bank. To the extent that Plaintiff brings a Section 1981 claim based upon conduct taken by Thompson as the District Attorney General, Plaintiff cannot proceed under Section 1981 against Thompson as a state actor sued in his individual capacity. *McCormick v. Miami University*, 693 F.3d 654, 661 (6th Cir. 2012).

[7] The one-year statute of limitations applicable to Section 1983 claims generally applies to Section 1981 claims. *See Anthony v. B.T.R. Automotive Sealing Systems, Inc.*, 339 F.3d 506, 512-14 (6th Cir. 2003); *Williams v. Western Union Co.*, 2007 WL 1849963 at *1 (M.D. Tenn. June 25, 2007) (Trauger, J.). Plaintiff has not made a persuasive legal argument that the longer 4 year statute of limitations set out in 28 U.S.C. § 1658 applies to his Section 1981 claim under the holding of *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 372, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004).

With respect to Plaintiff's claim under Section 1985(3), Plaintiff alleges that Defendant Thompson was involved in a conspiracy to deprive Plaintiff of the equal protection of the law because of racial animus against Plaintiff. Plaintiff's allegations must show "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Ctr. for Bio–Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007). The Court finds that Plaintiff's supporting allegations are based upon unsupported conclusions and speculation. Such allegations are not sufficient to support a claim. Furthermore, a claim against Defendant Thompson under Section 1985(3) has likewise not been pursued in a timely manner given Plaintiff's allegations of when the unlawful conduct is alleged to have occurred. *See Carver v. U-Haul Co.*, 830 F.2d 193 (6th Cir. 1987) (applicable statute of limitations for Section 1985 claim is Tennessee's one year statute of limitations); *Brown v. Metro. Gov't of Nashville*, 2011 WL 465855 at *7 (M.D. Tenn. Feb. 3, 2011) (Haynes, J.) (same). The Court is unpersuaded by any of Plaintiff's arguments that one of a multitude of legal doctrines apply to this lawsuit and render his claims timely filed. *See* Docket Entry Nos. 34, 35, and 57.

E. Defendant Wilson Taylor

Plaintiff brings claims against Defendant Taylor under 42 U.S.C. §§ 1981, 1983, and 1985(3), as well as a claim for fraudulent concealment under state law. *See* First Amended Complaint at 13, 19-20, 25-26, and 27-28. Although Defendant Taylor has not filed a motion to dismiss, the federal claims brought against him are clearly subject to dismissal based upon the same arguments for

dismissal made by the other Defendants in this action. The statute of limitations would bar the federal claims brought against Defendant Taylor, claims that are based upon events occurring in 2007 or before. Additionally, to the extent that Defendant Taylor is sued under Section 1983, there are no facts alleged supporting a viable conclusion that he acted under color of state law as is required for such a claim. Additionally, to the extent that Plaintiff alleges that Defendant Taylor acted with the a racial animus against Plaintiff, as is necessary for the Section 1981 and Section 1985(3) claims, Plaintiff's allegations are wholly conclusory and are unsupported by factual allegations. Such allegations do not support a viable claim for relief. This Report and Recommendation and the fourteen day period for objections to be filed by Plaintiff satisfy the procedural requirements for a *sua sponte* dismissal under Rule 12(b)(6) for failure to state a claim. *See Morrison v. Tomano*, 755 F.2d 515, 516-17 (6th Cir. 1984).

Plaintiff's final claim against Defendant Taylor is a claim under state law for fraudulent concealment. *See* Amended Complaint at 27-28. Upon the dismissal of Plaintiff's federal claims, the Court no longer has original jurisdiction over the lawsuit and the provisions of 28 U.S.C. § 1367(c) apply. Section 1367(c)(3) provides that the Court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. The decision of whether to retain jurisdiction over state law claims is left to the broad discretion of the Court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-52, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). There is a "strong presumption" against the exercise of supplemental jurisdiction once all federal claims have been dismissed, *Packard v. Farmers Inc. Co. of Columbus*, 423 Fed.App'x. 580, 584 (6th Cir. 2011). *See also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006); *Musson*, 89 F.3d at 1254-55.

In considering whether to exercise supplemental jurisdiction over state law claims, the Court must consider the provisions of Section 1367(c) and the factors the United States Supreme Court outlined in *Cohill*, 484 U.S. at 350-51, and *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). These factors include judicial economy, convenience, fairness, and comity. *Cohill*, 484 U.S. at 350. In the instant action, the balance of factors weighs in favor of dismissal of Plaintiff's state law claim against Defendant Taylor. Although the Court views the merits of such a claim with a considerable amount of skepticism, the claim should be heard by the state courts if Plaintiff wishes to pursue the claim.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1)     the motions to dismiss of Mary Holder and the City of Hartsville (Docket Entry No. 22), Tommy Thompson, Jr. (Docket Entry No. 30), Trousdale County Sheriff's Department (Docket Entry No. 62), and Guardian Home Care Holdings, Inc. (Docket Entry No. 69) be GRANTED and that the claims against these Defendants be DISMISSED WITH PREJUDICE;

2)     the motion to dismiss of Guardian Home Care Holdings, Inc. (Docket Entry No. 20) be DENIED as moot;

3)     the federal claims against Wilson Taylor be DISMISSED; and

4)     the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claim against Wilson Taylor.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and

must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge