UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DWIGHT J. MITCHELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. 3:15-1310 |
| | ) | Judge Sharp |
| | ) | |
| WILSON TAYLOR, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The Magistrate Judge has issued a Report and Recommendation that recommends granting four of the pending Motions to Dismiss, denying the fifth as moot, and dismissing this action with prejudice, except for Plaintiff Dwight J. Mitchell's state law claim against Defendant Wilson Taylor. Having undertaken *de novo* review in accordance with Rule 72(b) the Court agrees with the recommended dispositions and will accept the R & R.

As the Magistrate Judge pointed out, Plaintiff's federal claims are time-barred. Federal civil rights claims in Tennessee are governed by a one-year statute of limitations. Robertson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005). Plaintiff complains about events surrounding the license suspension of Sun Valley Home for the Aged, which occurred in August 2007, yet he did not file suit against these same Defendants raising essentially the same allegations until June 2013. While he voluntarily dismissed that action before filing this one, that original action came years too late. Moreover, Trousdale County Sheriff's Department is not a suable entity under the civil rights statutes, and the claims against the other Defendants fail because, not only are they untimely, they are barred by the doctrine of *res judicata*, fail to show action under color of state law, fail to show

1

*respondeat superior* liability and/or are bared by the doctrine of witness immunity.

Plaintiff has filed a 38-page "Response" to the R & R, which the Court deems to be objections. The Court has considered all of the arguments raised and finds none to be persuasive. Even if Plaintiff could take issue with the analysis regarding such things as witness immunity, *res judicata*, and actions under color of state law, a fundamental hurdle remains – his federal claims were filed long after the statute of limitations passed.

Plaintiff states that he has a 15-year-old daughter who is his heir, points out that the statute of limitations does not begin to on minor's claims until they reach the age of majority, and argues that the statute of limitations has therefore not run. This proposed syllogism would produce absurd results, even ignoring the fact that "42 U.S.C. § 1983 claims are personal." Doe v. Providence Cmty. Corr., No. 3:09-0671, 2010 WL 424653, at *1 (M.D. Tenn. Jan. 26, 2010); see also Purnell v. Akron, 925 F.2d 941, 948 n. 6 (6th Cir.1991) ("[S]ection 1983 provides a cause of action which is personal to the injured party").

Plaintiff next claims that he "was in bankruptcy from 2008-2013" and argues that "the one year limitations period . . . can be extended by two years under § 108 of the Bankruptcy Code if the debtor files for bankruptcy before the one year period has expired." (Docket No. 93 at 13). That bankruptcy provision, however, relates to when "the trustee may commence such action," 11 U.S.C.A. § 108, not the debtor.

Plaintiff further asserts that "[t]he Magistrate did not give proper consideration to the issue raised of the lack of funds for legal counsel and its affect on the Statute of Limitation." (Docket No. 93 at 13). But "a civil litigant has no constitutional right to the appointment of counsel," Stockman v. Berghuis, 627 F. App'x 470, 475 (6th Cir. 2015), and Plaintiff could have filed suit *pro se*, just as

2

he did in 2013 and again in 2015. Besides, even if a plaintiff shows the exceptional circumstances necessary for the appointment of counsel in a civil case, that appointment only comes after suit has been filed.

Plaintiff next argues that the Magistrate Judge "did not give proper consideration to the doctrine of fraudulent concealment." (Id.). "[T]he propriety of equitable tolling is determined on a case-by-case basis and is to be narrowly applied." Egerer v. Woodland Realty, Inc., 556 F.3d 415, 424 (6th Cir. 2009). "Parties who rely on equitable tolling through fraudulent concealment have the burden of demonstrating its applicability." Hill v. U.S. Dep't. of Labor, 65 F.3d 1331, 1336 (6th Cir. 1995). Plaintiff must plead and prove that "1) the defendant concealed the underlying conduct, 2) the plaintiff was prevented from discovering the cause of action by that concealment, and 3) the plaintiff exercised due diligence to discover the cause of action." Huntsman v. Perry Local Schs. Bd. of Educ. 379 F. App'x 456, 461 (6th Cir. 2010).

Plaintiff does not come close to making such a showing. In his response, he claims that "Defendants hid material facts from Plaintiff," including that "there was no warrant despite the fact that the Defendants told Plaintiff that they had a warrant on August 15, 2007," that "the address on Plaintiff's property was fraudulently changed from 700 McMurry Blvd Hartsville, TN to 802 McMurry Blvd Hartsville Tenn," and then back again, and that "the August 15, 2007 order was stamped after 4 pm even though the action against Plaintiff's business was taken prior to that time on August 15, 2007." (Id. at 15).

Whether a warrant was issued or not, and whether an order was improperly time-stamped later are both things that were discoverable, or through due diligence should have been discovered at or near the time of the event. Plaintiff's assertion that the property address changes were not

3

discovered by him until September 19, 2012 and "the end of 2013" (id. at 15) – convenient dates because they fall within the limitation period – point to discrete events, as do his other claims, such as that Defendants committed fraud on the court and unlawfully placed him on the Tennessee Abuse Registry. Thus, he cannot, as he argues, avail himself of the continuing violations doctrine to save what is his real claim, i.e. that Defendants took action to close Sun Valley Home for the Aged, which then led to the loss of money and property.

"A 'continuous violation' occurs, and will extend the limitations period, if the defendant engages in continuing wrongful conduct; injury to the plaintiff accrues continuously; and had the defendant at any time ceased its wrongful conduct, further injury would have been avoided." Hensley v. City of Columbus, 557 F.3d 693, 697 (6th Cir.2009). It "applies most frequently in the context of Title VII cases, and is rarely extended to § 1983 actions." Goldsmith v. Sharrett, 614 F. App'x 824, 828 (6th Cir. 2015) (citing Sharpe v. Cureton, 319 F.3d 259, 267 (6th Cir.2003)). Even so, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).

Finally, Plaintiff's fraud on the court theory fails to save his claims. Leaving aside that the alleged fraud laid out by Plaintiff has to do with testimony at August 2007 and September 2009 hearings, "'[f]raud on the court' may be a basis for granting a motion for relief from final judgment under Federal Rule of Civil Procedure 60(b), but it has little relevance to the question of whether a cause of action was timely filed." Easterling v. Gorman, 2014 WL 2580657, at *1 (S.D. Ohio June 9, 2014). In fact, Plaintiff himself acknowledges that "[f]raud on the court under Rule 60(d)(3) is intended to protect the integrity of the judicial process," (id. at 19), yet the alleged fraud was not on

4

this Court.

In addition to his objections, Plaintiff has filed a Motion for Leave to File an Amended Complaint. That Motion will be denied.

"Federal Rule of Civil Procedure 15(a)(2) directs that leave to amend the pleadings should be 'freely give[n],' 'when justice so requires.' Justice may not require leave to amend, however, in cases of undue delay, prejudice to the nonmovant, bad faith, dilatory motive, or where the proposed amendment is futile." Seigner v. Twp. of Salem, 2016 WL 3426092, at *3 (6th Cir. June 22, 2016) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, allowing Plaintiff to file yet another Complaint would be futile. Not only would such a complaint be barred by the statute of limitations, the other problems identified by the Magistrate Judge would likewise exist.

Moreover, Plaintiff's request smacks of bad faith and would be prejudicial to Defendants given the number of times Plaintiff has aired complaints about the events of August 2007. As the Magistrate Judge observed:

> In 2010, Plaintiff filed a pro se lawsuit against Citizens Bank complaining about the foreclosure of his property and making allegations of discrimination, conspiracy, and fraudulent activity akin to the allegations made in the instant lawsuit. Dwight J. Mitchell, et al. v. Citizens Bank, Case 3:15-cv-01310. That lawsuit was dismissed with prejudice on January 11, 2011. See Mitchell v. Citizen's Bank, 2011 WL 101688 (M.D. Tenn. Jan. 11, 2011). In 2013, Plaintiff filed a lawsuit against the same defendants named in the instant action based on essentially the same allegations that he makes in the instant action. See Dwight J. Mitchell, et al. v. Wilson Taylor, et al., 3:13-0569. Upon Plaintiff's notice of voluntary dismissal, made in the face of several pending motions to dismiss, that lawsuit was dismissed without prejudice. See Order entered February 20, 2015 (Docket Entry No. 94) in Case 3:13-0569. Additionally, Plaintiff filed a pro se state court lawsuit against Defendant Guardian Home Care in 2010 that was based upon essentially the same allegations that are made against Guardian Home Care in the instant action. See Docket Entry No. 70-1. That lawsuit was dismissed with prejudice for failure to state a claim. See Docket Entry No. 70-3. Plaintiff has also filed numerous petitions in

5

the United States Bankruptcy Court. See Case Nos. 3:08-bk-12244, 3:09-bk-01297, 3:09-bk-04976, 3:09-bk-10241, 3:10-bk-05141, 3:10-bk-06545, and 3:10-bk-09670.

(Docket No. 88 at 6-7). Plaintiff has had more than enough bites at the apple.

Accordingly, the Court rules as follows:

(1) The Report and Recommendation (Docket No. 88) is hereby ACCEPTED and APPROVED;

(2) Plaintiff's Response, construed as an Objection to the Report and Recommendation (Docket No. 93) is OVERRULED;

(3) The Motions to Dismiss filed by Mary Holder and the City of Hartsville (Docket No. 22), Tommy Thompson, Jr. (Docket Entry No. 30), Trousdale County Sheriff's Department (Docket Entry No. 62), and Guardian Home Care Holdings, Inc. (Docket Entry No. 69) are hereby GRANTED and the claims against these Defendants are DISMISSED WITH PREJUDICE;

(4) The federal claims against Defendant Wilson Taylor are DISMISSED WITH PREJUDICE, but the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claim against Wilson Taylor;

(5) Plaintiff's Motion for Extension of Time for Review, Filing Brief, to Amend Complaint, File Interrogatories and Request for Documents (Docket No. 92); Plaintiff's Motion for Review of Magistrate Judge's Order (Docket No. 26); Defendant Guardian Home Care Holding Inc.'s Motion to Strike Plaintiff's Second Amended Complaint (Docket No. 43); and Defendant Guardian Home Care Holdings, Inc.'s Motion to Dismiss for Insufficient Service of Process (Docket Entry No. 20) are all DENIED AS MOOT;

(6) Plaintiff's Motion for Leave to File an Amended Complaint (Docket No. 95) is DENIED.

The Clerk of the Court shall enter final judgment in accordance with Rule 58 of the Federal

Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE