**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DWIGHT J. MITCHELL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 3:15-01310** |
| | ) | **Judge Sharp** |
| | ) | |
| **WILSON TAYLOR, TOMMY P. THOMPSON,** | ) | |
| **JR., MARY HOLDER, GUARDIAN HOME** | ) | |
| **CARE, CITY OF HARTSVILLE, and** | ) | |
| **TROUSDALE COUNTY SHERIFF'S** | ) | |
| **DEPARTMENT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

After the Court dismissed Plaintiff's federal claims and declined to exercise supplemental

jurisdiction over his state law claim, Defendant Guardian Home Care Holding Inc. filed a Motion for

an Award of Attorneys' Fees and Sanctions (Docket No. 107). Plaintiff has filed a 35-page response

in opposition (Docket No. 117), the bulk of which is devoted to arguments on the supposed merits of

his underlying claims against Defendants. The time for making such arguments is long past, and,

indeed, as the Court previously observed, Plaintiff "has had more than enough bites at the apple."

(Docket No. 98 at 6).

Plaintiff's bites at the apple were discussed in a Report and Recommendation by the

Magistrate Judge, which the Court quoted in its prior ruling:

> In 2010, Plaintiff filed a pro se lawsuit against Citizens Bank complaining about the
> foreclosure of his property and making allegations of discrimination, conspiracy, and
> fraudulent activity akin to the allegations made in the instant lawsuit. Dwight J.
> Mitchell, et al. v. Citizens Bank, Case 3:15-cv-01310. That lawsuit was dismissed
> with prejudice on January 11, 2011. See Mitchell v. Citizen's Bank, 2011 WL 101688
> (M.D. Tenn. Jan. 11, 2011). In 2013, Plaintiff filed a lawsuit against the same
> defendants named in the instant action based on essentially the same allegations that

he makes in the instant action. See Dwight J. Mitchell, et al. v. Wilson Taylor, et al., 3:13-0569. Upon Plaintiff's notice of voluntary dismissal, made in the face of several pending motions to dismiss, that lawsuit was dismissed without prejudice. See Order entered February 20, 2015 (Docket Entry No. 94) in Case 3:13-0569. Additionally, Plaintiff filed a pro se state court lawsuit against Defendant Guardian Home Care in 2010 that was based upon essentially the same allegations that are made against Guardian Home Care in the instant action. See Docket Entry No. 70-1. That lawsuit was dismissed with prejudice for failure to state a claim. See Docket Entry No. 70-3. Plaintiff has also filed numerous petitions in the United States Bankruptcy Court. See Case Nos. 3:08-bk-12244, 3:09-bk-01297, 3:09-bk-04976, 3:09-bk-10241, 3:10-bk-05141, 3:10-bk-06545, and 3:10-bk-09670.

(Id. at 5).

Given the number of times it has been called on to answer claims that have as their genesis an administrative hearing conducted by the State of Tennessee's Department of Health more than nine years ago, Guardian Home Care asks that it be awarded attorneys' fees and/or that future filings be screened by the Court. Such requests should come as no surprise to Plaintiff.

In denying sanctions as a result of the dismissal of the second action, Judge Haynes "warned that any further attempts to re-litigate these same issues may result in sanctions." (Case No. 3:13-00569, Docket No. 97). Further, in recommending dismissal in this case, Magistrate Judge Holmes observed that "the instant action is merely the latest in a succession of unsuccessful federal and state lawsuits brought by Plaintiff in the aftermath of the closure of Sun Valley." (Docket No. 88 at 6). And in accepting the Magistrates Judge's recommendation and denying Plaintiff's Motion to Amend the Complaint, this Court observed that Plaintiff's "request smacks of bad faith and would be prejudicial to Defendants given the number of times Plaintiff has aired complaints about the events of August 2007." (Docket No. 98 at 5).

The record makes clear that Plaintiff has an abiding belief that Guardian Home Care employees provided false testimony at an administrative hearing on August 15, 2007 that, in turn, led to the revocation of his license to operate the Sun Valley Home for the Aged in Hartsville, Tennessee.

It also appears from the record that the notion that Guardian Home Care has wronged him is stuck in Plaintiff's craw and that something must be done to dissuade him from pursuing claims against Guardian Home Care yet again.

One option is to award attorney's fees pursuant to 42 U.S.C. § 1988, which gives the Court discretion to award such fees to a prevailing party in a Section 1983 suit as a part of the costs. However, unlike the award of fees to a prevailing plaintiff, the award of fees to a prevailing defendant is not the norm: "'a prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" Wolfe v. Perry, 412 F.3d 707, 720 (6th Cir. 2005) (quoting Wayne v. Village of Sebring, 36 F.3d 517, 530 (6th Cir. 1994) (internal quotation omitted)). "[I]n applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Id. at 719 (citations omitted).

Guardian Home Care raises cogent arguments for the imposition of fees. This includes the fact that (1) Plaintiff's claims are time-barred, (2) there is no support for the proposition that Guardian Home Care is a "state actor" for purposes of Plaintiff's Section 1983 claims, and (3) this is Plaintiff's third suit involving basically the same allegations. Nevertheless, the Court chooses to exercise its discretion by not awarding attorney's fees.

While Plaintiff has brought his case three times, the second was dismissed voluntarily at his request. Further, while Judge Haynes noted the possibility of sanctions, he did not indicate that those may be monetary sanction in the form of attorney's fees that Guardian Home Care places at almost $20,000. And, while the statute of limitations had clearly run as of the time suit was filed, Plaintiff, who is proceeding *pro se*, raised arguments concerning tolling and a continuing violation theory,

3

neither which could simply be summarily rejected. Simply put, the Court does not believe this to be

one of the "'truly egregious cases of misconduct'" that warrants the "'extreme sanction'" of an award

of "attorney fees against a nonprevailing plaintiff in a civil rights action[.]" Garner v. Cuyahoga Cty.

Juvenile Court, 554 F.3d 624, 635 (6th Cir. 2009) (citation omitted).

A second option is to enjoin Plaintiff from filing further suits in this Court against Guardian

Home Care without prior leave of the Court. That is the approach the Court finds appropriate and

necessary in this case.

"Federal courts . . . have inherent and statutory authority to impose sanctions upon parties for

their abuse of the litigation process." Maloof v. Level Propane Gasses, Inc., 316 F. App'x 373, 376

(6th Cir. 2008). This "includ[es] restrictions on future access to the judicial system, to deter future

frivolous, harassing or duplicative lawsuits." Ohio v. Ealy, 2009 WL 1118704, at *1 (S.D. Ohio,

April 24, 2009) (collecting cases). "While this Court cannot absolutely foreclose an individual from

initiating an action or pursuing an appeal in federal court, . . . the Court may impose prefiling

restrictions on an individual with a history of repetitive or vexatious litigation." Id. (internal citation

omitted). Indeed, "[t]here is nothing unusual about imposing prefiling restrictions in matters with a

history of repetitive or vexatious litigation." Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th

Cir. 1998).

Here, it seems abundantly clear that, undeterred, Plaintiff will continue in his attempt to

litigate what he perceives to have been mistreatment by Guardian Home Care and/or its employees

almost a decade ago. This is most recently exemplified in his lengthy response to the motions for

sanctions and his request for oral arguments on the same (with attached exhibits). It is unfair to

require Guardian Home Care to spend the time, money and effort to defend stale claims. Therefore,

the Court will require Plaintiff to seek leave before again filing suit against Guardian Home Care.

Accordingly, the Court rules as follows:

(1) Defendant Guardian Home Care's Motion for an Award of Attorney's Fees and Sanctions (Docket No. 107) is hereby GRANTED IN PART and DENIED IN PART. The Motion is GRANTED insofar as it requests that Plaintiff be deemed a vexatious litigant in relation to the closure of Sun Valley Home, but DENIED insofar as it requests attorney's fees or other sanctions.

(2) Plaintiff's Request for Oral Argument (Docket No. 118) is hereby DENIED because the matter is resolvable on the papers.

(3) Plaintiff is hereby ENJOINED from filing any new matters in this District against Guardian Home Care related to the 2007 administrative hearing and the resulting closure of Sun Valley Home for the Aged without obtaining permission from the Court. If Plaintiff attempts to file such a case, the Clerk is directed to open it as a miscellaneous case and assign it to the Chief Judge who can then determine whether the case raises claims that are harassing, vexatious, or duplicative of the prior suits against Guardian Home Care. If the claims alleged in the proposed complaint are not harassing, vexatious, or duplicative, the Chief Judge may then direct the Clerk to open the case under a new civil case number.

(4) Pursuant to 28 U.S.C. § 1915(a)(3), the Court finds that an appeal from this decision would not be taken in good faith

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE